Argued February 18, affirmed April 14, 1975

ROGUE RIVER VALLEY IRRIGATION
DISTRICT, *Petitioner, v.* EMPLOYMENT
DIVISION, *Respondent.*

534 P2d 200

*Frank J. Van Dyke,* Medford, and *William Ganong, Jr.,* Klamath Falls, argued the cause for petitioner. On the brief were Van Dyke, DuBay, Robertson & Paulson, P.C., and Frank J. Van Dyke, Medford.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Henigson, Stunz & Fonda and Stephen B. Fonda, Nyssa, filed a brief amicus curiae.

Panner, Johnson, Marceau & Karnopp, C. Montee Kennedy, Lyman C. Johnson and Owen M. Panner, Bend, filed a brief amicus curiae on behalf of North Unit Irrigation District and Tumalo Irrigation District.

Before LANGTRY, Presiding Judge, and FOLEY and LEE, Judges.

LANGTRY, P. J.

This appeal is the third of companion cases. *See Klamath Irr. Dist. v. Employ. Div.,* 21 Or App 61, 534 P2d 190 (1975), and *Talent Irr. Dist. v. Employ. Div.,* 21 Or App 83, 534 P2d 199 (1975). The petitioner irrigation district in this case was organized and exists, as do the others, under ORS ch 545. The Employment Division had determined, as with the others, that petitioner is subject to the unemployment compensation Act as it was amended in 1973. ORS ch 657. As with the Klamath and Talent districts, a relatively small part of petitioner's delivered water is used for ornamental and gardening purposes on small tracts of land. It was testified that this nonfarm water constitutes approximately 3 percent of all water delivered. There is no dispute in this regard. The referee held that, on account of this small nonfarm use, the exemption of ORS 657.-045(2)(c) does not apply to petitioner. If that were all there is to this case, it would be reversed on the basis of the decision in *Klamath Irr. Dist. v. Employ. Div.,* supra.

However, petitioner has conceded that it has five or six active accounts for commercially used water for log ponds, concrete mixing, etc. Water is sold to these accounts without reference to water rights running with any particular land. In other words, regardless of the amount of profit the district may make therefrom, that portion of its operation is for profit. This was an additional reason for the referee's decision.

ORS ch 657 was extensively amended in 1971, according to legislative history, in order to incorporate therein 1970 amendments that had been made by Congress to the Federal Employment Tax Act. One of the changes thus accomplished was to add to the irrigation exemption the words "not owned or operated for profit." The part in question was re-enacted without change in 1973 and provides that "agricultural labor" includes labor

"* * * in connection with the operation or maintenance of ditches, canals, reservoirs or waterways not owned or operated for profit used exclusively for supplying and storing water for farming purposes." ORS 657.045(2)(c).

The summary of changes submitted by the Employment Division to the legislature at the time the 1971 amendment was under consideration simply related that the addition of these words was so "farm irrigation projects operated for profit will be covered." House Judiciary Committee Minutes. Nothing more appears to have been said about this particular change.

For the reason that petitioner concedes the sale of the commercial water is a profit operation, the referee correctly held the petitioner is subject to the Act.

Affirmed.

LEE, J., specially concurring.

I concur in the result of the majority opinion and with the stated reason for holding for the respondent (i.e. the failure of the petitioner to qualify, as nonprofit-making, for the ORS 657.045(1) and (2)(c) exemption).

However, I believe the majority is mistaken in indicating that but for the profit-making nature of the district's contracts with "five or six active accounts for commercially used water", the case should be reversed.

The record discloses that petitioner also supplies water to the Medford Corporation log pond and 338 other accounts (constituting approximately three percent of the total water supplied) for tracts of one acre or less in size in the city of Medford where the water is used for "lawns" and "gardens" of a "household" variety.

I would affirm for the same reasons set forth in my dissent in *Klamath Irr. Dist. v. Employ. Div.*, 21 Or App 61, 534 P2d 190 (1975).