Argued February 18, reversed April 14, reconsideration denied
June 11, petition for review denied June 24, 1975

## TALENT IRRIGATION DISTRICT, *Petitioner,*
## *v.* EMPLOYMENT DIVISION, *Respondent.*

534 P2d 199

*Fred J. Amundson,* Medford, and *William Ganong, Jr.,* Klamath Falls, argued the cause for petitioner. On the brief were Blackhurst, Hornecker & Hassen and Fred J. Amundson, Medford.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Henigson, Stunz & Fonda and Stephen B. Fonda, Nyssa, filed a brief amicus curiae.

Panner, Johnson, Marceau & Karnopp, C. Montee Kennedy, Lyman C. Johnson and Owen M. Panner, Bend, filed a brief amicus curiae on behalf of North Unit Irrigation District and Tumalo Irrigation District.

Before LANGTRY, Presiding Judge, and FOLEY and LEE, Judges.

LANGTRY, P. J.

This is a companion appeal to *Klamath Irr. Dist. v. Employ. Div.*, 21 Or App 61, 534 P2d 190 (1975), decided pursuant to the same law. With the exception of the exact percentage of its total water that the respective irrigation districts deliver for nonfarm purposes, the essential facts are the same. Summarizing the facts found by the referee, it appears that between 90 and 95 percent of all of the water the Talent district delivers is for farm purposes. The irrigation district manager testified that of 15,705 acres served by the district 300 acres are supplied with water to the city of Ashland and 226.5 to the city of Talent. However, he also testified that the city of Ashland takes water from Ashland Creek for domestic purposes. Some of this domestic water belongs to farms, with prior rights, below Ashland on Ashland Creek. To repay this water to those farm owners, the bulk of the 300 acres of water from the irrigation district is run down Ashland Creek to the farms—hence, it is largely used for "agricultural purposes." He testified the city of Talent does the same thing with reference to replacing "some of" its domestic water which is taken from Wagner Creek. Therefore, water supplied through the Talent Irrigation District is minimally used for city as distinguished from farm purposes.

We consider the delivery for farm purposes of this water to be the "principal," the "primary," the "in large part" function of the district. No "substantial" part of the water is delivered for nonfarm purposes, and the case is controlled by our decision in *Klamath*.

Reversed.

LEE, J., dissenting.

In this case the majority found

"* * * that between 90 and 95 percent of all of the water the Talent district delivers is for farm purposes."

Two of the accounts served by petitioner are the cities of Ashland and Talent. The record does not show that water supplied to either of these cities was to be used for "farming purposes."

Of petitioner's 3,300 accounts, 700 serve tracts of one acre. At the hearing, an appraiser for the Jackson County Assessor's Office testified that only a few parcels of less than five acres in size are considered as used for farming so as to qualify for the special assessment available to farm land. He further testified that the smallest parcels considered as farm land are roughly "a couple of acres." He added that he knew of no parcels less than an acre that were considered as farm land.

I recognize that such county assessment practices are far from dispositive of the farm-use-exemption question raised by this case. However, they are a relevant factor in determining whether all of the land served by petitioner was "used exclusively" for "farming purposes."

The party claiming exemption has the burden of proving that it qualifies for the exemption. This the petitioner has failed to do. The evidence in the record supports the referee's position on denial of the ORS 657.045(2)(c) exemption.

Accordingly, I respectfully dissent for the same reasons as set forth in my dissent in *Klamath Irr. Dist. v. Employ. Div.*, 21 Or App 61, 534 P2d 190 (1975), a companion case.