GRAND ISLE,
January,
1835.

STATE vs. OLIVER B. BREWSTER.

An offender, escaping into Canada, and brought back, against his will, and without the assent of the authorities of the province, may yet be tried and punished for the offence committed here.

If stolen goods are found in the possession, or under the control of the prisoner, it is a question for the jury, how far, under all circumstances, that possession raises a presumption of guilt in the particular case.

This was an indictment in two counts:

1. For burglary in the shop of one Brown, and stealing leather and cloth from the same.

2. For stealing leather.

The respondent, on being arraigned, interposed a motion to be dismissed, on the ground that he was forcibly, and against his will, brought from Caldwell's Manor in Canada, the place of his residence, by citizens of this state, for the purpose of being prosecuted for the offences aforesaid. Evidence was received by the court in support of this motion; but having failed to prove the facts alleged, respondent moved for liberty to plead in bar of the indictment the same or like facts as those contained in the motion. This application was refused by the court, under a rule that respondent should be at liberty to file such a plea in the supreme court, if that court should deem the matter pleaded legally available. Whereupon, he pleaded, not guilty. Evidence was given by the state, showing, that on the night of the 13th of August, 1834, the shop of said Brown in Alburgh was broken, and the cloth and leather aforesaid were missing therefrom; that immediate search and pursuit were instituted, and that fresh tracks of two horses were traced into the vicinity of the respondent's house, in Caldwell's Manor, in Canada; and that the cloth was found concealed in a thicket, not far from the house of one Lucas. The respondent offered to

GRAND ISLE,
January,
1835.

State
vs.
Brewster.

prove the admissions of Lucas, that he alone put the cloth there. But the court rejected the evidence. The government then offered to prove certain admissions of the respondent, tending to show him directly concerned in the burglary and theft. But on hearing evidence of the circumstances under which they were made, the court rejected the proof, on the ground that the admissions were made under the influence of threats and promises of favor. The government then offered to prove, that on the same occasion, the respondent proposed to the company collected at or near his house, that if he might be permitted to select three men of the company, he would go with them and show where the leather might be found; and that this offer being accepted he went and pointed out the spot where it was found concealed. This was objected to by the respondent, but admitted by the court. The proof then showed, that respondent led said persons across his fields about eighty or one hundred rods, and in the edge of the woods pointed out two logs, between which he said they would find the leather, and they found it there, closely concealed. All these facts transpired in the course of the day after the property was taken from the shop. The respondent resided about seven or eight miles from the shop. It was contended, on the part of the respondent, that this evidence was not of a character to warrant a verdict of guilty, because it did not prove a finding of the property upon the respondent, or in his possession. The court instructed the jury, that if on a due consideration of all the facts and circumstances in evidence, they should be of opinion, that the respondent's having discovered where the leather was concealed furnished equal evidence of his having stolen it, as if it had been found about his person, or in his house, they would be warranted in returning a verdict of guilty; he having given no explanation on the subject; but if they thought the evidence not equal to such finding on his person, or in his house, they ought to acquit him. They were advised to acquit the respondent on the first count, on the ground, that the presumption against him, arising from the evidence, (if any was to be made,) would be a presumption of theft, but not of the higher offence of burglary. Verdict of not guilty on the first count, and guilty on the second. To these decisions, and to the charge of the court, the respondent excepted; and the exceptions were allowed and passed to this court.

*A. G. Whittemore* for respondent.—1. The respondent ought to have been permitted to plead the facts set forth in his motion,

GRAND ISLE,
January,
1835.

State
vs.
Brewster.
because such conduct will tend to disturb the harmony which ought to exist between this government and Canada. Such conduct towards our government would never be tolerated by the United States. Another nation would not submit any sooner than this.

There is no necessity to countenance this violent mode of proceeding. On application and proof to the authorities of that government, the defendant would have been delivered up. All nations have made provision for such cases, by lodging this power in the hands of their most responsible agents.

2. Ought the court, which is one of the great constituents of the government, to sit in judgment upon · persons brought within their jurisdiction by a violation of the rights of a foreign nation ? The court cannot take. cognizance of the person unless legally brought within their jurisdiction, though it may have of the offence.

The charge of the court was incorrect—

1. Because the court instructed the jury to presume a fact, and from that fact to presume another. For instance, to presume from the prisoner's knowledge where the leather was, that he put it there, and from that presumption, that he must have stolen it.

2. The court ought to have instructed the jury that the prisoner's knowing where the leather was, did not furnish evidence equally as strong, as if it had been found on his person or in his house.

*H. Adams for the state.*—The plea attempted to be interposed, the validity of which the court are now called upon to determine, has none of the requisites of a plea.

1. It is not a plea in abatement.

2. It does not set forth any thing in justification or excuse of the offence charged in the indictment.

3. The plea then, if it have any effect, must be as a plea to the jurisdiction of the court, founded on the personal privilege of the prisoner.

The charge of the court to the jury was correct.

The opinion of the court was delivered by

PHELPS, J.—Whether the matter on which the prisoner relies is more properly the ground of a motion to dismiss, or the subject of a plea in bar, is a question of form merely, not important to our present purpose.

It is observable, that the case does not state, that the respondent was brought out of Canada, without the assent of the constituted authorities of that province. If such assent be presumed the case

becomes one of ordinary and common occurrence, and one in
which, I believe, the practice of all civilized nations is the same. Whether there be any principle of international law, which requires of an independent sovereignty to surrender an offender fleeing from justice to its dominions, and if any, to what cases it applies, is a question not necessary to be discussed. ·The practice is general, (whether from comity, or otherwise, it is unnecessary to inquire,) to surrender such offenders, in aggravated cases ; and when thus surrendered to the jurisdiction of that nation whose laws have been violated, it is, we believe, the universal practice to try, convict and punish. Such has been our practice, with respect to offenders reclaimed from other states, and from the province of Canada. This universal practice sufficiently shows, that immunity from .punishment is not a legal consequence of having taken refuge in a foreign jurisdiction, to be claimed as a matter of right by the offender. If it were so, the act of such foreign government, in surrendering the offender, would be in itself improper, and could have no legal tendency to deprive him of this right. It is impossible to conceive any sound principle upon which such an immunity can be conceded to the offender. The idea that it could exist at all, probably originated in the difficulty with which offenders are reclaimed, and the extreme jealousy with which every nation guards its own dignity in this particular—a jealousy equally due to its own dignity and to the citizen under its protection.

It is a well settled rule of. international law, that a foreigner is bound to regard the criminal laws of the country in which he may sojourn, and for any offence there committed, he is amenable to those laws. In this case, the offence, if committed at all, was committed within our jurisdiction, and is punishable by our laws. The respondent, although a foreigner, is, if guilty, equally subject to our jurisdiction with our own citizens. His escape into Canada did not purge the offence, nor oust our jurisdiction. Being retaken and brought in fact within our jurisdiction, it is not for us to inquire by what means, or in what precise manner, he may have been brought within the reach of justice.

It becomes then immaterial, whether the prisoner was brought out of Canada with the assent of the authorities of that country or not. If there were any thing improper in the transaction, it was not that the prisoner was entitled to protection on his own account. The illegality, if any, consists in a violation of the sovereignty of an independent nation. If that nation complain, it is a matter which concerns the political relations of the two countries, and in

16

GRAND ISLE,
January,
1835.

State
vs.
Brewster.

that aspect, is a subject not within the constitutional powers of this court.

Whether the authorities of Canada would have surrendered the prisoner, upon due application, is a question of national comity, resting in discretion. Their power to do so will not be questioned. If they have the power to surrender him, they may permit him to be taken. If they waive the invasion of their sovereignty, it is not for the respondent to object, inasmuch, as for this offence, he is, by the law of nations, amenable to our laws.

Were this an attempt to subject the prisoner to the exercise of our jurisdiction, in a case not confessedly within it, the case would be different. Had the act been committed in Canada, however injurious to our citizens it might have been, the law of nations would have afforded a protection which this court would be bound to respect.

We are also of opinion, that the charge was correct. If stolen goods were found in possession of the prisoner, it is *prima facie* evidence of guilt. Whether they were to be considered as in his possession, and under what circumstances, was a question of fact; and how far those circumstances sustained or rebutted the presumption of guilt, was surely a question for the jury; and if they were satisfied that the presumption was equally strong, as if the goods had been found upon his person, or in his house, the consequence would be the same, and the proof of guilt equally satisfactory.

Judgment that the prisoner take nothing by his exception.