THE STATE v. FRAHM.

1. **Burglary:** IN NIGHT TIME: INSUFFICIENT EVIDENCE. The evidence in this case examined, and *held* insufficient to justify a verdict of guilty of burglary in the *night time*.

2. ———: EVIDENCE: POSSESSION OF STOLEN GOODS. Where it is shown that larceny and burglary were committed by the same person at the same time, recent possession of the stolen goods is *prima facie* evidence that the possessor is guilty of both offenses. (*State v. Rivers*, 68 Iowa, 611, followed.)

*Appeal from Jasper District Court.*

FRIDAY, DECEMBER 9.

DEFENDANT was convicted upon an indictment ˙for burglary in the night time. He now appeals to this court.

*Alanson Clark* and *E. J. Salmon*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

BECK, J.—I. Under the statute of this state, burglary of a dwelling-house is of two degrees,—the first, the breaking and entering in the night-time, with the intent to commit a felony; the second, the breaking and entering in the day-time. The punishment for the first degree is imprisonment in the penitentiary, not to exceed twenty years, in the absence of aggravation by reason of the offender being armed, or committing an assault upon any˙person in the dwelling, or being aided by confederates present at the commission of the crime, and for the second is imprisonment in the penitentiary for not more than ten years, or fine of not to exceed $100, and imprisonment in the county jail for not more than one year. It will be observed that, in the estimation of these statutes, there is a wide difference in the heinousness of the degrees of this offense.

II. We are of the opinion that the evidence utterly fails

to show that the offense was committed in the night-time.
The only evidence to establish defendant's guilt
was testimony tending to show that the dwell-
ing-house was broken open, and that certain
goods left therein were found in defendant's possession. It
cannot be denied that the evidence which is claimed to iden-
tify the goods found as those left in the house is, to say the
least of it, extremely unsatisfactory. It can hardly be said that
it utterly fails on this point; but it does wholly fail to show
that the crime was committed in the night-time. It is said
that, on account of the bulky character of the goods stolen,
the probability arises that they were taken in the night-time.
In view of the facts that the house was somewhat secluded,
and was unoccupied by any person for several days, it is quite
as probable that the goods were taken in the day-time as at
night.

1. BURGLARY: in night-time: insufficient evidence.

III. The district court gave the following instruction,
which is complained of by defendant's counsel: "If you
find from the evidence, beyond a reasonable doubt,
that some person stole from the said dwelling-
house the beds or bedding, or some portion
thereof, introduced in evidence in this case, by breaking and
entering the said dwelling-house in the night-time, with
intent to steal the same, and you further so find that recently
thereafter such property thus stolen, if any, was found in the
possession of the defendant, then and in such case you would
be warranted in concluding that the defendant stole the prop-
erty, if any, thus found in his possession, by breaking and
entering said dwelling-house in the night-time, with intent
to steal such property, unless the facts and circumstances
shown by the evidence raise in your mind a reasonable doubt
as to whether he did not come honestly into such possession.
But if such facts and circumstances do raise such reasona-
ble doubt, then you would not be warranted in drawing such
conclusion from such recent possession, if established." This
instruction is in accord with our ruling in *State v. Rivers*,

2. ———: evi-
dence: pos-
session of
stolen goods.

68 Iowa, 611, wherein we held that, where it is shown that the larceny and the burglary were committed by the same person at the same time, recent possession of the goods stolen is *prima facie* evidence that the possessor is guilty of both offenses.

IV. We think the district court should have sustained the motion for a new trial, on the ground that the evidence wholly failed to show that the offense was committed in the night-time. The prejudice resulting to defendant from the conviction, in the absence of evidence showing such fact, is apparent.

For the error in overruling the motion for a new trial, the judgment of the district court is

REVERSED.