## STATE *vs.* JAMES PEACH.

January Term, 1898.

Present: Ross, C. J., TAFT, ROWELL, TYLER, MUNSON and THOMPSON, JJ,

*Burglary—Production of Goods Evidence of Value.—Variance—V. S. 1630*
*—Dwelling-House of Married Woman—Evidence—Motion to Set Aside*
*Verdict.*

The production in court and submission to the jury of the articles alleged
to have been stolen is sufficient evidence of their value to support a
verdict, without an appraisal by witnesses.

If goods alleged to have been stolen are described in the information as
belonging to one person, while the testimony is that they belonged to
another, this is no reason why the case should not be submitted to the
jury. It is a question of variance which can be raised only by objecting
to the testimony.

The same answer applies to the objection that in the information the
goods are valued collectively, while as to one of the articles there is no
evidence of taking.

Such questions of variance do not go to the right of the matter and, under
V. S. 1630, are unavailing unless raised in the trial court.

A dwelling-house owned by the wife and occupied by her and her husband
is properly described in an information for burglary as her dwelling-
house; but, if not, the question is one of variance only.

The respondent's possession of goods on Sunday which the State's
evidence tended to show were taken the night before from the house
alleged to have been burglarized, was a circumstance which, unexplained,
might be weighed by the jury upon the question of the respondent's
guilt of the burglary.

A motion to set aside a verdict for insufficiency of evidence is addressed to
the discretion of the trial court, whose decision thereon is not revisable
here.

If upon any material point assigned, such as that the crime was
committed in the night, there was a total lack of evidence, it was the
duty of the trial court to set aside the verdict when moved to do so
upon that ground. But in this case the court conclude upon reading the
whole record that there was no such lack.

INFORMATION for burglary. Plea, not guilty. Trial by
jury at the May Term, 1897, Windsor County, *Start*, J.,
presiding. Verdict, guilty. The respondent excepted.

*W. W. Stickney* and *J. G. Sargent* for the respondent.

*Jas. G. Harvey*, State's Attorney, for the State.

Ross, C. J.   Under the charge of the court the respondent was found guilty of having committed the crime of burglary, by forcibly breaking and entering the dwelling-house of Mrs. Mary E. Fletcher with the intent, the goods and chattels of Allen M. Fletcher and Mary E. Fletcher in the dwelling-house to steal, take and carry away, and having so entered did steal, take and carry away certain goods specified, all of the value of thirty dollars, of the goods and chattels of Allen M. Fletcher and Mary E. Fletcher.   The jury having found the respondent guilty of the higher crime of burglary, no exceptions, taken, can avail the respondent unless they relate to this crime.   Any error committed by the court in defining the crimes of grand larceny and of petit larceny, could not have harmed him.   It is not contended that the court erred in its charge, in defining these crimes; but it is contended that the evidence was insufficient to have these crimes submitted to the jury, (1) in that the witnesses did not place any particular value upon the goods taken, (2) in that the testimony did not show that the goods were the joint property of Allen M. Fletcher and Mary E. Fletcher, and (3) in that the goods were valued collectively, and there was no proof that one of the articles named was taken.   The first objection is answered by the production of the goods—or most of them—in court and the submission of them to the examination of the jury.   This was evidence from which they might place a value upon each article produced.   No exception was taken to the testimony, and the only force of the second and third objections is that the proof varied from the allegations of the information.   The respondent admits that it was not absolutely necessary to name the owners of the property, nor the value of the property in one general sum, to sustain a conviction.   But he contends that the prosecutor, having done so, was bound to

prove the allegations as made. This is so, against a proper
objection and exception to the evidence when offered.
Thereby the question of variance is raised, and must be
passed upon by the trial court. This was not done in the
trial. V. S. 1630 makes a variance, except when it goes to
the right of the matter, unavailing unless raised in the trial
court. These objections do not go to the right of the
matter and were not raised in the county court when the
evidence was offered. They are therefore not available to
the respondent. Particularly is this law applicable to a
trial upon an information, filed by the State's Attorney, as
this was, at the request of the respondent, which is
amendable in every particular, on the trial. If the court did
err in any of these particulars in regard to the crimes of
larceny, they would be unavailing to the respondent,
inasmuch as he was not found guilty of larceny, except so
far as these allegations are connected with, and a part of,
the crime of burglary of which he was found guilty.

(2) The court, in substance, charged that in order to
convict the respondent under the information, the jury
must find that the respondent broke and entered, in the
night time, a dwelling house owned by Mrs. Fletcher, with
intent to steal the goods and chattels therein. The respond-
ent excepted to this charge. He contends that the proof
being that the house "was occupied in the summer season
only, by Allen M. Fletcher and his family for their summer
home, and that the legal title of the premises was in Mary
E. Fletcher, the wife of Allen M. Fletcher, this house was
the dwelling house of the husband and not the dwelling
house of the wife." If this contention is maintainable,
at most, it raised only a variance between the proof
and the allegation of the information, and should have
been taken advantage of when the evidence was put in,
to be now available. Whatever might be the decisions
at the common law, when the separate existence and
property of the wife upon her marriage became merged in

the husband, such decisions are not applicable to the present state of the rights and property of a married woman. A dwelling house owned by her as her own property, and occupied by her with him, may properly be described as her dwelling house. His possession was in her right, and he could not be ejected from it, unless the writ of possession also ran against her. *Arbuckle* v. *Walker*, 63 Vt. 34.

(3) The respondent excepted to the charge in regard to the respondent's possession of the two boxes of sardines. The respondent, in his testimony, admitted that he had them in his possession on Sunday morning, and the evidence tended to show that they were taken from the cellar of the house the Saturday night before. The court told the jury, "If you find they were the same as were in that house, then the respondent's possession of them is a circumstance, taken unexplained, that may be weighed and considered by you upon the question of whether he committed the crime of burglary." *State* v. *Frahm*, 73 Iowa 355, cited by the respondent, holds the law to be as the court charged. *State* v. *Brewster*, 7 Vt. 118, and *State* v. *Bishop*, 51 Vt. 287, also cited, do not hold to the contrary. The reasoning of the latter sustains the charge, but does not directly so hold because it was not necessary. While the trial court might · advise that such proof, standing alone, is insufficient for them to convict it could not hold that it, unexplained, had no tendency to show that the person having possession of the goods, which were taken from the dwelling house, entered and took them from the house. *State* v. *Brewster* holds that such possession, with all the circumstances, should be submitted to the jury. The trial court did no more than this.

(4) Upon return of the verdict, the respondent moved to have the verdict set aside on the ground that it was against the evidence and without evidence: (1) Because there was no evidence produced that the breaking and entering was done in the night season; (2) For that the evidence

showed that the dwelling house was not the dwelling house of Mary E. Fletcher, but the dwelling house of Allen M. Fletcher; (3) Because there was no proof that the breaking and entering was with the intent, the goods and chattels of Allen M. Fletcher and Mary E. Fletcher to steal, take and carry away.

We have already considered the second and third causes assigned. So far as there was evidence to sustain the verdict on these points, the motion was addressed to the sound discretion of the trial court, who heard the evidence, saw the witnesses and could better judge of its force and weight, and is not revisable in this court. If there was no evidence to sustain the verdict on any material point assigned, so far the trial court had no discretion, but was under the duty to set aside the verdict. It was essential, as the court charged the jury, for them to find that the crime was committed in the night time. There must have been some evidence before the jury tending to establish such finding. It need not be direct evidence. Upon reading and carefully considering the whole testimony—that of the State and of the respondent, we think its tendency was to establish that, if the respondent broke and entered the house, he must have done so soon after midnight, Sunday morning. There was circumstantial testimony to show that he did the breaking and entering. The court did not err in refusing to set aside the verdict.

> *It is considered that judgment ought to be rendered on the verdict, and it is thereon rendered accordingly. Let sentence be imposed and execution thereof done.*