STATE v. JOHN ASHEY.

January Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed April 3, 1913.

*Criminal Law—Larceny—Evidence—Possession of Stolen Prop-
erty—Instructions—Sufficiency—Repeal of Statute After
Conviction and Pending Hearing on Respondent's Excep-
tions—Effect—"Final Judgment"—Judgment on Sentence
by County Court—Status After Allowance of Exceptions.*

In a prosecution for stealing two bridles, where respondent did not
testify, and the only evidence against him was testimony that he
disposed of the bridles to a designated person, representing that he
had procured them at a specified place in exchange for intoxicating
liquor, and it appeared that at some time previous to that disposal
respondent had been seen on the premises of the owner of the
bridles, the instruction that, if respondent disposed of the bridles
with that representation as to how he came to be possessed of
them, the jury might infer from those facts, unexplained, that he
obtained the bridles by felonious taking, is not erroneous for failure
to make the falsity of the representation essential to the permitted
inference, where the court immediately further instructed that
when property claimed to have been stolen is found in one's posses-
sion it is incumbent on him to furnish some explanation as to how
he came by it, if he would escape the inference to be drawn from
the fact of possession; and that it was for the jury to say whether
respondent had given a satisfactory explanation of the matter, or
such an explanation as raised in their minds a reasonable doubt
regarding it.

The repeal of a criminal statute without an excepting clause ends all
further proceedings thereunder, unless there has been a final judg-
ment.

Judgment and sentence on a verdict of guilty in a criminal case are not
vacated by the allowance of respondent's exceptions, but he may be
committed in execution notwithstanding the exceptions; and so, if
no error is found, the prescribed judgment of this Court that "there

is no error in the proceedings, and that respondent take nothing by his exceptions," is not the rendition of a new judgment, but only a direction to enforce the judgment rendered below.

In a prosecution on an information for petit larceny, where there was a verdict of guilty, and judgment was rendered thereon and respondent sentenced to three months imprisonment, under P. S. 5756, permitting an imprisonment of not more than three months or a fine of not more than fifty dollars, and respondent's exceptions were allowed, and execution stayed, and thereafter, by an act without an excepting clause, and which took effect before the hearing in this Court on the exceptions, P. S. 5756 was amended only so as to permit an imprisonment of six months, or a fine of three hundred dollars, or both, the information cannot be quashed for that the statute under which respondent was convicted was repealed by an act without an excepting clause, because the judgment below was a final one, and was rendered before the alleged repeal.

INFORMATION for petit larceny. Plea, not guilty. Trial by jury at the September Term, 1912, Chittenden County, *Taylor*, J., presiding. Verdict, guilty; and judgment and sentence thereon. The respondent excepted; his exceptions were allowed, and execution stayed. The opinion states the case.

*Sherman R. Moulton* for the respondent.

*Theodore E. Hopkins*, State's Attorney, for the State.

MUNSON, J. The respondent is charged with having stolen two bridles, which the evidence shows he disposed of to one Bailey, representing that he had procured them from some one at Fort Ethan Allen in exchange for intoxicating liquor. It appeared that the respondent had been seen on the premises of the owner of the bridles at some time previous to the transaction with Bailey, but there was no evidence of his taking the bridles from their owner. No evidence was introduced by the respondent.

The court referred in its charge to the evidence of Bailey as to his purchase of the bridles and the representations made by the respondent, and instructed the jury that if the respondent took the bridles to Bailey, representing how he came into the possession of them, they would be entitled to find as an inference

from those facts, unexplained, that he obtained them by a felonious taking. The failure to make the falsity of the representation essential to the inference is the only error claimed.

But the instruction above stated did not stand alone. The court proceeded immediately, without any intervening reference to other matters, to say that when property claimed to have been stolen is found in one's possession it is incumbent on him to furnish some explanation as to how he came by it, if he would escape the inference to be drawn from the fact of possession; and that it was for the jury to say whether the respondent had given a satisfactory explanation of the matter, or such an explanation as raised in their minds a reasonable doubt regarding it. The question submitted as to the satisfactory character of the explanation afforded, could refer to nothing but what the jury might think of its probable or possible truth or falsity.

A motion to quash the information is orally made on hearing, on the ground that the statute under which the respondent was convicted has been repealed. That statute—P. S. 5756—permitted an imprisonment of not more than three months or the imposition of a fine of not more than fifty dollars. By an act which was approved December 17, 1912, and took effect from its passage, and is without an excepting clause, this section was so amended as to permit an imprisonment of six months, or a fine of three hundred dollars, or both. The act makes no other change.

The court below rendered judgment on the verdict and sentenced the respondent to three months imprisonment. The allowance of exceptions did not vacate the judgment and sentence; and the respondent, but for an exercise of the court's discretion, would have been committed in execution of the sentence, notwithstanding the exceptions. P. S. 2322. If no error is found, the judgment in this Court, as determined by statute, will be that "there is no error in the proceedings of the county court, and that the respondent take nothing by his exceptions." P. S. 2324. The sentence of the respondent having been stayed, it will be for this Court to order that execution be done.

It is settled beyond question that the repeal of a criminal statute without an excepting clause ends all further proceedings under it, unless there has been a final judgment. 36 Cyc. 1096; 26 Ency. Law 2 Ed. 756; Note 94 Am. Dec. 218. But the courts are not entirely agreed as to what constitutes a repeal within the

requirement of this rule, nor as to what shall be considered a final judgment. In this case, there is no express repeal of any part of the statute. The part descriptive of the offence is in no way affected by the change. The amendment is confined to the penalty clause; and the only repeal is that arising from an extension of the limits within which the discretion of the court may be exercised. So any term of imprisonment which could have been imposed under the old law would necessarily be within the term limited by the new. We have seen that the judgment below was not vacated by the exceptions, and that the respondent might now have been serving his sentence. We are aware of authorities which hold that any change of the penalty operates as a repeal, and that a repeal subsequent to the final judgment of the lower court leaves the appellate court without power to render a judgment of affirmance. But we do not deem it necessary, under our procedure, to treat the action of this Court as the rendition of a new judgment. The overruling of the exceptions, under such a procedure, amounts merely to a direction to enforce the judgment rendered below. See note 1 Ann. Cas. 220; *People* v. *Hobson,* 48 Mich. 27. We consider that an amendatory provision of this character is not such a repeal as will invalidate a judgment which is so far final that it may be carried into execution by the court which rendered it, regardless of proceedings in error.

*No error; and respondent not appearing, bail forfeited, and case remanded to county court for further proceedings.*