# State of Vermont v. James P. Beyor

[282 A.2d 819]

No. 108-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 5, 1971

*Theodore R. Barnett*, State's Attorney, for the State.

*Kissane & Heald*, St. Albans, for Defendant.

**Barney, J.** The respondent was found guilty of the larceny of a snowmobile. The conviction must be reversed.

During the trial, over the strenuous objections of the defense counsel, the prosecutor was permitted to cross-examine the respondent as to his relations with his wife and children, from whom he was separated, as to his friendship with a woman not his wife, as to his delinquency in support payments, improvidence, his difficulties with finance companies, a pleasure trip to Florida, his petition in bankruptcy and similar matters. The justification advanced for these inquiries is twofold: first, as cross-examination to test credibility, and, second, to establish motive for the alleged theft.

There are issues that, although they may have some relevance, prove too much. Their impact on the jury is such to plainly divert them from the true issue of guilt or innocence of the crime charged. 1 J. Wigmore, Evidence § 194 (3d ed. 1940). There may be a lack of money which is logically connected with a crime involving financial gain. But its use as evidence would put every impecunious person at the mercy of a charge of larceny. All bankrupts are not thieves, all financially irresponsible debt-ridden persons do not steal and those who are irregular in support payments to their estranged wives may be entirely honest in their dealings with the property of others, even though condemnable for their attitude toward their family. It is the fact that some of this conduct is itself a matter of discredit, apart from the crime charged,

that makes it too prejudicial to receive as evidence even though relevant. *State* v. *Mathias,* 47 N.J. 455, 221 A.2d 529, 538 (1966). The asserted wide range of admissible testimony on the issue of credibility and motive does not encompass inquiries prejudicial to the measure revealed by this transcript.

■ Nor can the matter be justified on the basis of character evidence introduced as a preliminary matter by the respondent. The examination objected to all that occurred prior to the only comment of that kind, which was the very last testimony in the case, from the respondent's mother, who said, as mothers will, "He has been a very good boy and a hard working boy."

■ If this can be said to open up the issue the prosecutor failed to act upon it, since the evidence then closed. He did elaborate in the same themes introduced earlier, in his argument to the jury, and thereby compounded the prejudice. We cannot assume that the jury was uninfluenced by the recital of financial irresponsibility and marital transgressions put before it, and a new trial must be had. See *State* v. *Jost,* 127 Vt. 120, 129–30 (1968).

■ The respondent did claim to be entitled to a directed verdict of acquittal, based on an asserted shortage in the state's evidence as to the identity of the snowmobile recovered with the one claimed to be stolen. An examination of the record discloses, among other things, unchallenged evidence of the correspondence of the serial number on the recovered machine with the identifying serial number on the owner's registration of the missing machine. The denial of a directed verdict on that ground was proper.

Although most of the other issues raised might not recur on retrial, and therefore need no disposition at this time, a question concerning the charge of the court indicates an area requiring comment. In its charge the trial court, quite properly, dealt with the way the jury could treat unexplained possession of stolen goods. Both sides have argued their positions on this point, and it will, almost inevitably, be an issue in any new trial.

 We begin by saying that a court cannot properly say that the circumstance of an unexplained, actual, possession of goods, shown to be stolen, is enough, standing alone, to convict of the charge of larceny. If the presumption of innocence, attending the accused by legislative act, 13 V.S.A. § 6502, is to be operative, something more by way of proof is required, *State* v. *Peach,* 70 Vt. 283, 286, 40 A. 732 (1898). But the respondent cannot escape the consequence that such unexplained possession is some evidence that the possessor is the thief. *State* v. *Peach, supra,* 70 Vt. at 286. Although the respondent is not, in the strict sense, required to furnish an explanation, he omits to do so at the risk of having such evidence make up part of the proof persuasive to the jury of his guilt. *State* v. *Coburn,* 122 Vt. 102, 109–10, 165 A.2d 349 (1960). An account shown to be contrived and false certainly may be taken by the jury as leaving the fact of possession in full force as an evidentiary contribution to the establishment of a respondent's guilt. *State* v. *Ashey,* 86 Vt. 479, 481, 86 A. 308 (1913). It is true that the explanation furnished need not, in the minds of the jury, establish the innocence of the respondent. It is sufficient if it produces a reasonable doubt of his guilt of the charge.

*Reversed and remanded for a new trial.*