### State of Vermont v. Michael Foster

[430 A.2d 463]

No. 446-79

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed April 7, 1981

Mark J. Keller, Chittenden County State's Attorney, and James R. Crucitti, Deputy State's Attorney, Burlington, for Plaintiff.

Gareth H. Caldbeck, Winooski, for Defendant.

Billings, J. This is an appeal by the defendant from a conviction of aiding in the concealment of stolen property. 13 V.S.A. § 2561. In 1978 personal property was taken from a residence and a construction site. Subsequently a person who was cooperating with the police called the defendant on two separate occasions for the purpose of selling certain items of personal property to a third party who was an undercover police officer. Later the police informer and the buyer (the undercover police officer) met a woman in a parking lot, and she took them to a house where the stolen items were recovered by the police officer. In the first telephone call to the defendant by the police informer, the defendant and the police informer only discussed where the prospective buyer should meet the woman who would then take them to the house where the items were located. The second phone call to the defendant took place after the property was recovered by the police.

In order to show that the defendant aided in the concealment of stolen property, the State must prove beyond a reasonable doubt some act or conduct on the part of the defendant that assists the thief in converting the property to his own use or which renders its discovery by the owner more difficult. State v. Moynahan, 164 Conn. 560, 325 A.2d 199 (1973); Commissioner of Public Safety v. Treadway, 368 Mass. 155, 330 N.E.2d 468 (1975); Trammell v. State, 511 S.W.2d 951 (Tex. Crim. App. 1974).

In the case at hand, there is no evidence that the defendant ever had possession of the stolen property, exercised any control over it, or knew where it was. There is also no evidence that there was any agency relationship between the defendant and the woman involved here. The only act of the defendant which the State asserts was done in aid of conceal-

ment of the property was to arrange a sale of the property. The buyer which the defendant is supposed to have secured, however, was in fact cooperating with the police. To show that the defendant aided in the concealment of stolen property it is necessary to show as a matter of objective fact that the defendant actually aided that concealment. See *State* v. *Marshall*, 92 Wis. 2d 101, 122, 284 N.W.2d 592, 601 (1979). The State has not shown this. There is no evidence that the defendant actually aided the thief in converting the property to his own use or rendered its discovery by the owner more difficult. Negotiating a sale to an agent of the police cannot accomplish either. See *Felker* v. *State*, 254 Ark. 185, 492 S.W.2d 442 (1973); *State* v. *Niehuser*, 21 Or. App. 33, 533 P.2d 834 (1975).

*Reversed. Judgment vacated and judgment of acquittal entered.*