## State of Vermont v. Bryan Paradis

[503 A.2d 132]

No. 82-068

Present: **Allen, C.J., Hill, Peck and Gibson, JJ.**

Opinion Filed October 25, 1985

*Jeffrey L. Amestoy*, Attorney General, *Susan R. Harritt*, Assistant Attorney General, and *Steve Norton*, Legal Intern, Montpelier, for Plaintiff-Appellee.

*David Carpenter* and *William A. Nelson*, Appellate Defenders, Montpelier, for Defendant-Appellant.

**Gibson, J.** Defendant appeals his conviction after trial by jury of the offense of aiding in the concealment of stolen property. 13 V.S.A. § 2561. The court entered judgment on the verdict and sentenced the defendant to one to two years, all suspended except for five months.

On appeal, defendant argues that the State failed to prove beyond a reasonable doubt: (1) that the property was in fact stolen; and (2) that the property was concealed. We affirm.

On August 29, 1981, at approximately 4:30 p.m., defendant walked into the Knights of Columbus Hall in Burlington, Vermont, carrying a brown paper bag. He asked "if anybody knew anything about metal" and proceeded to pull a paten, a plate used in religious ceremonies, from the bag. A patron of the bar looked into the bag and saw that it contained additional religious objects. In all, defendant possessed the following items: two chalices, one paten, and one pyx.

In response to a telephone call from the bartender, the Burlington police arrived and took possession of the religious articles. At the bar, defendant told one of the police officers that he had obtained the objects from a shed behind his parents' home in Brighton, Massachusetts, about three or four days earlier. At the police station, however, defendant told another officer that he had taken the objects from the attic of his mother's house two or three

weeks before the incident in question. He also told the police that he had intended to trade the religious articles for food.

The evidence established that the paten, pyx, and one of the chalices belonged to Father Donald Bruneau of St. Anthony's Church in Burlington. The second chalice belonged to the church. Father Bruneau testified that he had seen the objects in the church's safe at 11:00 a.m. that same day. He also stated that he had not given anyone permission to remove or possess the items. The next time that Father Bruneau saw the property was that evening at the Burlington police station.

13 V.S.A. § 2561 states that "[a] person who . . . aids in the concealment of stolen property, knowing the same to be stolen, shall be punished the same as for the stealing of such property."

Defendant's first argument is that the State's evidence was insufficient to prove beyond a reasonable doubt that the religious articles were stolen.

■ "[T]he guilt of a defendant in a criminal case may be proved by circumstantial evidence alone, if that evidence is proper and sufficient in itself." *State* v. *Kerr,* 143 Vt. 597, 603, 470 A.2d 670, 673 (1983). The standard of proof does not change with the nature of the evidence: "[W]hether the evidence is direct or circumstantial[,] the facts necessary to establish the elements of a crime must be proved beyond a reasonable doubt. . . . And this proof of facts includes reasonable inferences properly drawn therefrom." *Id.*

■ The record establishes that the sacred objects were in the safe at 11:00 a.m. on August 29, 1981. The items were subsequently found in defendant's possession later that same day. Father Bruneau had not authorized anyone to remove the articles from the church. In addition, defendant's statement that he had obtained the property from the shed behind his parents' house conflicted with his later statement that he had found the objects in the attic of his mother's house. These conflicting explanations of his possession are unconvincing.

Viewed in the light most favorable to the State, *State* v. *Neale,* 145 Vt. 423, 430, 491 A.2d 1025, 1029 (1985), we conclude that the State's evidence was sufficient to lead a reasonable trier of fact to conclude beyond a reasonable doubt that the property in question was stolen.

Defendant's second claim is that the State failed to prove that the property was concealed. "In order to show that the defendant

aided in the concealment of stolen property, the State must prove beyond a reasonable doubt some act or conduct on the part of the defendant that assists the thief in converting the property to his own use or which renders its discovery by the owner more difficult." *State* v. *Foster,* 139 Vt. 454, 455, 430 A.2d 463, 464 (1981).

The record indicates that the State produced sufficient evidence at trial to convince the jury beyond a reasonable doubt that effective concealment had occurred. First, defendant carried the items in a brown paper bag. Second, defendant's statements indicated that he was contemplating trading the objects for food. The jury could well have reasonably concluded that defendant's actions rendered discovery of the religious objects by the owner more difficult. Such conduct satisfies the test set forth in *Foster* and the verdict must stand.

*Affirmed.*