(October 15, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

BRUCE T. REITER, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Rensselaer (Dwyer, Jr., J.), rendered December 20, 1985, convicting defendant upon his plea of guilty of the crime of grand larceny in the second degree.

On this appeal, defendant challenges the amount of restitution County Court ordered him to pay to his former employer. Defendant worked as a bookkeeper for Oviatt Plumbing and Heating Distributing Company for approximately two years. In March 1983 it became evident that he had been embezzling company funds. Defendant was subsequently indicted for grand larceny in the second degree. After he pleaded guilty to the charged crime, a restitution hearing was held in order to determine the amount of money defendant had gained from the commission of his crime. County Court eventually determined that defendant was obligated to repay $80,792.81 to Oviatt Plumbing. This appeal ensued.

It was the People's burden at the restitution hearing to establish by a preponderance of the evidence the amount of money gained by defendant from Oviatt Plumbing through his criminal activity (see, Penal Law § 60.27 [2]; CPL 400.30 [4]). It is uncontested that defendant illegally obtained $54,769.20 from Oviatt Plumbing's general account and $9,945.90 from its payroll account. The primary dispute is whether the evidence established that defendant also embezzled cash received by Oviatt Plumbing from its customers.

Defendant's duties as bookkeeper included the handling of virtually all of the checks and cash received from customers. This entailed physically receiving the money, crediting it to the proper account and depositing the funds in the bank. When the amount received was credited to the customer's account, a carbon copy of that amount was recorded in a cash receipts journal. An analysis of this journal by John Carella, a certified public accountant, revealed substantial discrepancies between the amounts recorded as received and those actually deposited into Oviatt Plumbing's bank account. It was also discovered that defendant had deposited $39,274.91 from his personal account into Oviatt's Plumbing's account in an apparent attempt to conceal his activities. However, even with defendant's deposits from his personal account, there was still a $53,262.52 net shortage. In light of the above evidence, all of which was well supported at the hearing, we cannot say that County Court incorrectly concluded that it was more likely than not that defendant embezzled cash received from customers of Oviatt Plumbing.

Since a preponderance of the evidence establishes that defendant gained from his criminal activities at Oviatt Plumbing an amount of money in excess of the amount of restitution ordered by County Court, we conclude that defendant's request for a reduction of the restitution figure must fail.

Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.