(July 15, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN M. MEADE, Appellant. [600 NYS2d 353] —Mercure, J. Appeal from a judgment of the County Court of Schoharie County (Lamont, J.), rendered February 16, 1990, upon a verdict convicting defendant of the crimes of grand larceny in the fourth degree and falsifying business records in the first degree.

Defendant was indicted for grand larceny in the third degree and falsifying business records in the first degree and in the second degree as the result of his alleged theft of over $3,000 from the Deer Run Ski Center in the Town of Jefferson, Schoharie County, during the period December 24, 1988 to February 14, 1989 and his underreporting of receipts on the ski center's daily rental shop cash report for February 7, 1989 by approximately $1,152. Following a jury trial, defendant was found guilty of grand larceny in the fourth degree, as a lesser included offense, and falsifying business records in the first degree. On February 16, 1990, defendant was sentenced to a six-month jail sentence and a five-year term of probation. As conditions of probation, defendant was ordered to pay restitution in the amount of $7,500, payable at the rate of $100 per month, beginning September 1, 1990; defendant was also ordered to pay a $100 mandatory surcharge. On this appeal, defendant challenges the amount and payment terms of the restitution fixed by County Court and the imposition of the surcharge.

Initially, we reject the contention that the jury's verdict of not guilty of grand larceny in the third degree, which proscribes the theft of over $3,000 (see, Penal Law § 155.35),

precluded a finding by County Court that defendant's gain from the commission of the offense was more than $3,000. Because of the difference in the respective standards of proof, the jury's conclusion that the People did not establish beyond a reasonable doubt *(see,* CPL 300.10 [2]) that defendant stole over $3,000 was not legally inconsistent with County Court's finding by a preponderance of the evidence *(see,* CPL 400.30 [4]) that defendant stole $7,500. Here, County Court carefully reviewed the relevant proof adduced at trial and determined by a fair preponderance of the credible evidence that between Christmas of 1988 and February 1989, defendant stole "well more than $3,000", although likely less than the $11,300 alleged by the victim. Under the circumstances, we perceive no basis for disturbing County Court's determination fixing restitution at $7,500 *(see, People v Reiter,* 133 AD2d 901, 903, *lv denied* 71 NY2d 901; *cf., People v Ramirez,* 98 AD2d 985).

Defendant is correct, however, in his contentions that County Court erred in ordering the payment of restitution as a term and condition of defendant's probation *(see,* CPL 420.10 [1] [c]; *but see,* CPL 420.10 [1] [a]) beyond the period of his probation *(see, People v Dodson,* 48 NY2d 36, 39) and in ordering defendant to both make restitution and pay a mandatory surcharge *(see,* Penal Law § 60.35 [6]; *People v Turco,* 130 AD2d 785, 788, *lv denied* 70 NY2d 755; *compare,* Penal Law § 60.27 [8] [eff Nov. 1, 1991]). Accordingly, we are constrained to vacate the mandatory surcharge and remit the matter to County Court for redetermination of the payment terms of the restitution.

Finally, we note that the Schoharie County District Attorney has once again failed to file a brief indicating the People's position with respect to defendant's contentions. We again reiterate our view that District Attorneys are obligated by County Law § 700 (1) to file a brief setting forth their position regarding a defendant's appeal and that failure to do so constitutes dereliction of duty *(see, People v Wilson,* 96 AD2d 653, 654; *see also, People v Sawyer,* 188 AD2d 939).

Weiss, P. J., Yesawich Jr., Levine and Mahoney, JJ., concur. Ordered that the judgment is modified, on the law, and matter remitted to the County Court of Schoharie County for further proceedings not inconsistent with this Court's decision.