## State of Vermont v. Scott C. VanDusen

[691 A.2d 1053]

No. 96-120

Present: **Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed January 31, 1997

*John T. Quinn*, Addison County State's Attorney, Middlebury, and *Jeffrey L. Amestoy*, Attorney General, and *Susan R. Harritt*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Peter F. Langrock* and *Lisa B. Shelkrot* of *Langrock Sperry & Wool*, Middlebury, for Defendant-Appellant.

**Dooley, J.** On May 31, 1995, Frederick Bennett was informed that several hundred feet of stainless steel pipe were missing from his barn in Shoreham. The steel pipe was traced to defendant Scott VanDusen, an employee at a farm in Addison. In August 1995, defendant was charged in a one-count information with felony possession of stolen property valued at approximately $4,500, in violation of 13 V.S.A. § 2561. Upon defendant's motion, the court reduced the charge to a misdemeanor, having found that the "only evidence is poss[ession] of 18" pieces; hence [of] little value." Defendant waived the right to trial by jury, and after a court trial, was found guilty of misdemeanor possession of stolen property. Defendant was sentenced to serve three months in jail, to pay a fine of $1,000, and to pay restitution of $4,000. The issues on appeal are (1) whether the evidence was sufficient to support defendant's conviction of possession of stolen property valued at less than $500, (2) whether restitution is limited to the amount in the charge on which defendant was found guilty, and (3) whether the evidence is sufficient to support the restitution order. We affirm.

In December 1994, Bennett installed in his barn 500-700 feet of two-inch, stainless steel pipe, some of it new, and some of it used. The pipe was stolen from Bennett's barn between May 26 and May 31, 1995. According to the district court's written findings of fact, the pipe was "readily identifiable by the blue markings" of the person who installed it. Bennett conducted his own investigation of the theft and located the pipe, cut into short pieces of scrap, at Rutland Waste and Metal Company. A salesperson at Rutland Waste and Metal testified that she bought the scrap metal in July 1995 for $76 and was able to identify defendant as the seller. The court also found that, during the month of June, defendant was in possession of a chop saw that he borrowed from his employer without his employer's permission. The court concluded that defendant had been in possession of the steel pipe when it was in long pieces, that he had knowledge the pipe was stolen, and that he had used his employer's chop saw to cut the pipe into small pieces.

■ Defendant's first claim of error is that there was insufficient evidence to support his conviction. We will affirm the conviction if the "evidence, when viewed in the light most favorable to the State, fairly and reasonably supports the finding of guilt beyond a reasonable

doubt." *State v. Derouchie*, 140 Vt. 437, 441, 440 A.2d 146, 147 (1981). The test is the same whether the evidence is direct or circumstantial. *State v. Paradis*, 146 Vt. 345, 347, 503 A.2d 132, 133 (1985).

Defendant admits to selling sawed-off pipe ends to Rutland Waste and Metal, but he disputes knowing that the pipe was stolen. Defendant claims that he received some of the scrap from his employer and found the rest abandoned near a bridge; he hypothesizes that someone else stole the pipe, cut it into pieces, and discarded the marked ends. The court rejected defendant's explanation that he was given the pipe by his employer, or that he found the pipe in short pieces along the side of the road. It determined that defendant "could not give a clear answer to the question of where he had stored the pipe" and "was surreptitious in borrowing the saw from his employer." Defendant "answered questions [about the steel pipe] in terms of pounds," whereas a "person having an actual use for pipe would be expected to think of it in terms of length." In the court's opinion, defendant was not a credible witness and his version of events was "not believed."

■ Although defendant is not required to explain his possession of stolen goods, an explanation "shown to be contrived and false" can be taken as evidence of guilty knowledge. *State v. Beyor*, 129 Vt. 472, 475, 282 A.2d 819, 821 (1971); see also *State v. Ashey*, 86 Vt. 479, 481, 86 A. 308, 309 (1913) (jury can reject false explanation, leaving fact of possession unexplained). The court found that defendant offered conflicting statements about where he obtained the stolen pipe and how long the pipe was in his possession. Having found that defendant's statements were deceitful, the court could properly infer from other evidence that defendant knew or believed the pipe was stolen. Defendant answered questions about the pipe in terms of pounds instead of length; defendant surreptitiously borrowed a chop saw during the same period that the pipe was in his possession; and defendant appeared nervous at the time he sold the pipe. We conclude that the State's evidence was sufficient to lead a reasonable trier of fact to conclude beyond a reasonable doubt that defendant knew or believed the property in question was stolen. See *Paradis*, 146 Vt. at 347, 503 A.2d at 134.

■ Defendant next argues that the court lacked the authority to order restitution of $4,000 when he was convicted only of misdemeanor possession of stolen property, which involves property not exceeding $500 in value. See 13 V.S.A. §§ 2561(b) (person who

possesses stolen property, knowing it to be stolen, shall be punished same as for stealing property), 2502 (larceny of property not exceeding $500 in value is misdemeanor). Restitution must be considered in every case "in which a victim of a crime has suffered a material loss or has incurred medical expenses." 13 V.S.A. § 7043(a). Restitution may include "cash . . . to the victim . . . to compensate for damages to the victim's property . . . ." *Id.* § 7043(b)(2). To support a restitution order, the State must establish both the amount of the victim's loss and causation between the defendant's acts and the victim's loss. We have upheld the power of the court to award property damage restitution against a possessor of stolen property. See *State v. May*, 166 Vt. 41, 45-46, 689 A.2d 1075, 1078-79 (1996).

■ A restitution order may not include amounts resulting from conduct on which defendant was acquitted, see *State v. Knapp*, 147 Vt. 56, 60, 509 A.2d 1010, 1012 (1986), or conduct that was not covered by defendant's conviction. See *State v. Stimpson*, 151 Vt. 645, 646, 563 A.2d 1001, 1001-02 (1989) (mem.). In essence, defendant argues that these holdings should control because defendant was not convicted of possessing more than $500 worth of stolen property.

Although the restitution award exceeds the value limit for petit larceny, it relates directly to the conduct for which defendant was convicted. This fact distinguishes the current case from *Knapp* and *Stimpson*. Although there are decisions to the contrary, see *Peralta v. State*, 596 So. 2d 1220, 1221 (Fla. Dist. Ct. App. 1992); *State v. Francois*, 548 So. 2d 1284, 1287 (La. Ct. App. 1989), the better reasoned decisions from other states authorize full restitution in these circumstances, at least where there is no contrary plea agreement. See *State v. Fancher*, 818 P.2d 251, 253 (Ariz. Ct. App. 1991); *Nix v. State*, 925 S.W.2d 802, 803-04 (Ark. Ct. App. 1996); *State v. Johnson*, 711 P.2d 1295, 1298 (Haw. 1985); *State v. Terpstra*, 546 N.W.2d 280, 284 (Minn. 1996); *People v. Meade*, 600 N.Y.S.2d 353, 354 (App. Div. 1993); *State v. Selland*, 772 P.2d 534, 536 (Wash. Ct. App. 1989).

■ We hold that the court could award restitution beyond the amount contained in the misdemeanor charge associated with petit larceny of which defendant was convicted. Two considerations in particular induce us to follow these decisions. First, we find no suggestion in the statute that the Legislature intended to limit damages based on the dollar amount in the charge against a defendant. The statute is based on the principle of compensation to the victim, rather than punishment of the defendant. See 13 V.S.A.

§ 7043(b)(2) (restitution may include cash or installment payments "to compensate for damages to the victim's property or person"); *Fancher*, 818 P.2d at 253; *Nix*, 925 S.W.2d at 804; *Terpstra*, 546 N.W.2d at 283.

Second, at sentencing, matters need be proven only by a preponderance of the evidence, see *State v. Grenier*, 158 Vt. 153, 159, 605 A.2d 853, 857 (1992); V.R.Cr.P. 32(c)(4), and proceedings are less formal than in the criminal trial. Thus, it is not inconsistent that the State could not prove the higher value in the criminal trial, but could during sentencing. See *Terpstra*, 546 N.W.2d at 282; *Meade*, 600 N.Y.S.2d at 354.

Defendant's final argument is that restitution of $4,000 is not supported by the evidence. The issue is whether the evidence established by a preponderance damages of $4,000 caused by defendant. Bennett testified that in 1994 he had both new and old pipe installed in his barn and that the total cost of the installation was $5,000. In addition, defendant introduced an exhibit indicating that the replacement cost of the stolen steel pipe, not including labor, was $3,264.08. In convicting defendant, the court inferred that defendant had knowledge the pipe was stolen and that, while the pipe was in defendant's possession, "defendant cut the pipe from Bennett's farm into short lengths, using [his employer's] saw." An employee from Rutland Scrap and Metal testified that defendant sold her 200 pounds of steel pipe, which consisted of new and old, marked and unmarked pieces. Given the totality of the evidence, the court could reasonably find by a preponderance of the evidence that defendant was responsible for losses to Mr. Bennett amounting to $4,000.

■ The district court had discretion in determining the amount of restitution, and only a reasonable certainty of estimated loss is required. See *State v. May*, 166 Vt. at 45, 689 A.2d at 1078. We conclude that the restitution order was supported by the evidence and was within the court's discretion.

*Affirmed.*