*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-028

FEBURARY TERM, 2013

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Washington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Ladarris Tunstall | } | DOCKET NO. 535-5-11 Wncr |

Trial Judge: Howard E. Van Benthuysen

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a judgment of conviction, based on a jury verdict, of several counts of assault, resisting arrest, interfering with access to emergency services, and unlawful mischief. He contends the evidence was insufficient to support three of the charges. We affirm.

The record evidence may be summarized as follows. On the evening of May 10, 2011, defendant became involved in an argument with his girlfriend, H.B., at her apartment, in the course of which defendant pushed her into the bathroom, where she hit the sink. H.B. testified that, when she tried to leave the bathroom, defendant shut the door and would not let her out for several minutes. When she finally emerged, defendant accused her of "doing [him] wrong," threw a glass against a cupboard, grabbed her shirt and ripped it off. In a statement to the police immediately following the incident, H.B. stated that defendant's actions hurt her back, although at trial she testified that she had injured her back the day before and could not recall whether it was worse after the incident. She also acknowledged that defendant had contacted her before trial and told her that "bad things" would happen to her if she testified, and that he would "come after" her when he was released from prison.

H.B. tried calling the police on her cell phone, but defendant took it from her and smashed it on the floor. She went into the bedroom to change her shirt, found defendant's phone, and went into the bathroom to call the police. Two officers arrived shortly thereafter. One, officer Brislin, spoke with defendant in the bedroom, while the other, officer Duhaime, spoke with H.B. in the kitchen. After speaking with defendant, officer Brislin told him that he was being placed under arrest for domestic assault, and attempted to handcuff him. Brislin recalled that defendant jerked away, and they began to wrestle on the ground. At that point, officer Duhaime entered and joined the fray, and Brislin observed defendant take several swings at Duhaime.

Officer Brislin recalled that he managed to get defendant on the ground and one cuff on when he heard Duhaime warn him that he was about to use a taser. Brislin saw the taser strike defendant and felt some of the charge himself. The officers were then able to place the other cuff on defendant. At that point, officer Brislin felt extreme pain in his finger and observed that

a chunk of his middle finger was missing. He did not know what caused the injury, but surmised that it occurred during the fight in the bedroom because there was blood all over the bed.

Officer Duhaime testified that he was struck by defendant under his right eye during the incident. When he realized that the effort to subdue and arrest defendant was not succeeding, he decided to use a taser, which struck defendant in the chest and ultimately allowed them to subdue him. Duhaime then observed a large amount of blood coming from officer Brislin's finger. Defendant testified in his own behalf, denying that he had resisted arrest or assaulted either officer.

Defendant was charged with one count of domestic assault, two counts of simple assault on a police officer, resisting arrest, interference with access to emergency services, and unlawful mischief. The jury returned guilty verdicts on all of the charges. This appeal followed.

Defendant contends the evidence was insufficient to support the convictions for domestic assault of H.B. and simple assault against officer Brislin. Defendant concedes that, while he moved for judgment of acquittal at the close of the State's case, he failed to renew the motion at the end of the trial. Accordingly, defendant acknowledges that the claim can be reviewed only for plain error, to determine whether "the evidence is so tenuous that a conviction would be unconscionable." State v. Erwin, 2011 VT 41, ¶ 17, 189 Vt. 502 (citation omitted). A conviction will be affirmed where the evidence, viewed in the light most favorable to the State, fairly and reasonably supports a finding of guilt beyond a reasonable doubt. State v. VanDusen, 166 Vt. 240, 242-3 (1997). The test of sufficiency is the same whether the evidence is direct or circumstantial. Id. at 243.

Defendant first contends that the evidence was insufficient to show that H.B. suffered "bodily injury," an element of domestic assault, because she could not recall at trial whether the pain she felt in her back was from defendant ripping off her shirt or from a prior injury. See 13 V.S.A. § 1042 (defining domestic assault as "willfully or recklessly caus[ing] bodily injury"); 13 V.S.A. § 1021(1) (defining bodily injury as "physical pain, illness or any impairment of physical condition").* The claim is unpersuasive. As noted, H.B.'s statement to the police that her back pain was worse after defendant ripped off her shirt was admitted without objection, and was made shortly after the events in question. H.B. acknowledged that she made the statement, and that, having written it at the time, "it would have been the truth." This was sufficient to support the conviction. See State v. Marcy, 165 Vt. 89, 97-98 (1996) (holding that evidence consisting of prior statement admitted as past recollection recorded and made within short time of events was sufficiently reliable to support conviction).

Defendant also contends that the evidence was insufficient to support the conviction of simple assault against officer Brislin because the evidence did not establish that defendant was the proximate cause of the injury to the officer's finger. Noting that officer Brislin could not identify the precise cause of the injury, defendant asserts that it might have occurred when officer Duhaime tasered defendant while Brislin was in contact with him. Thus, he argues that officer Duhaime was an "intervening cause" of the injury that interrupted the chain of causation and barred a conviction.

---

\* Because the charge of interference with access to emergency services "after the commission of a crime," 13 V.S.A. 1031, was predicated on the domestic assault, defendant contends that this conviction must also be reversed. For the reasons discussed above, the claim is without merit.

2

The claim is without merit. Even assuming that a reasonable juror could find that the taser fired by officer Duhaime somehow caused Brislin's injury, the evidence was sufficient to support the conviction. The crime of simple assault by recklessly causing bodily injury is a general intent crime, requiring evidence merely that the defendant consciously disregarded a substantial risk that injury would result from his or her conduct. State v. Bolio, 159 Vt. 250, 253 (1992). As we have explained, a defendant is "criminally responsible for the course of events that naturally flowed" from his or her conduct, State v. Martin, 2007 VT 96, ¶ 40, 182 Vt. 377 (citation omitted); it is sufficient that the conduct was "a" cause of the injury in the chain of causation, it need not be "the" cause. Id.

Here, neither the law nor the facts establish that officer Duhaime's involvement in the fray fundamentally "broke the chain of causation" to absolve defendant of liability. Having assaulted the officers, he was liable for the injuries that naturally flowed from his conduct, including the injury to officer Brislin's finger. See, e.g., State v. Burton, 370 S.W.3d 926, 931 (Mo. Ct. App. 2012) (holding that defendant's flight from officers seeking to apprehend him "set in motion a course of events that led to the trooper sustaining injury" when he fell, and supported conviction of assault); State v. Lovelace, 738 N.E.2d 418, 425 (Ohio Ct. App. 1999) (upholding defendant's manslaughter conviction for motorist killed by officer during chase of defendant, noting that liability will lie where "the result achieved was not so extraordinary or surprising that it would be simply unfair to hold the defendant criminally liable"); see generally 1 W. LaFave, Substantive Criminal Law § 6.4 at 482 (2d. 2003) (noting that courts tend to find liability where the intervening act involves a "reaction to the conditions created by the defendant"). Accordingly, we conclude that the evidence was sufficient to support the judgment of conviction.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice