*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-130

OCTOBER TERM, 2013

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Orleans Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Tiffany Marcotte | } | DOCKET NO. 828-12-11 Oscr |

Trial Judge: Howard E. Van Benthuysen

In the above-entitled cause, the Clerk will enter:

Defendant appeals a restitution order requiring her to pay for cleaning the car of a victim of her crime. Defendant argues that the court erred in imposing interest on any unpaid restitution amounts and in requiring her to pay for cleaning more of the car than was damaged.  We affirm the restitution award, but strike the provision imposing interest.

Defendant was charged with simple assault for throwing a hot cappuccino through a car window at a driver and her passenger.  She pleaded guilty to disorderly conduct.  Following sentencing the court held a contested restitution hearing.  The car owner testified that the cappuccino hit the driver's seat and the dashboard on the driver's side, dripped to the shifter and in between the seats and splashed onto the sunroof.  The driver testified that she attempted to clean the car, but could not remove the glaze left by the cappuccino.  She testified that she received an estimate for cleaning the car, and was seeking $90 for the cost of cleaning the front interior.  The estimate was submitted as an exhibit.  The passenger testified that the cappuccino had ruined a new pair of jeans and sought $92.95 to replace the jeans.  The court found that victims' testimony was credible and that the amounts requested were reasonable.  The court found defendant had the ability to pay and issued two restitution orders.  The court set two payment dates and imposed interest if the amounts were not timely paid.  Defendant appeals.

On appeal, defendant argues that interest is not allowed for a restitution award and the court erred in imposing this requirement.  The statute provides that where a defendant "is unable to pay the restitution judgment order at the time of sentencing, the court shall establish a restitution payment schedule for the offender based upon the offender's current and reasonably foreseeable ability to pay," but that "interest shall not accrue on a restitution judgment."  13 V.S.A. § 7043(e)(1).  The State concedes that the provision for interest should be struck.  We conclude that the statute precludes imposing interest on a restitution judgment and strike that portion of the restitution award.

Next, defendant contends that the amount of restitution for the car cleaning exceeds the damage caused by the cappuccino.  Restitution is available "in every case in which a victim of a crime . . . has suffered a material loss."  13 V.S.A. § 7043(a)(1).  The State must prove "both the

amount of the victim's loss and causation between the defendant's criminal act and the victim's loss." State v. Forant, 168 Vt. 217, 222 (1998). Defendant claims that the State failed to demonstrate that the cleaning costs are related solely to the damage caused by defendant's actions. Defendant argues that she is responsible for the cost of cleaning the stains she caused but not for the cost to clean the entire front interior of the victim's car.

The trial court has discretion in determining the proper amount of restitution. State v. Hughes, 2010 VT 72, ¶ 8, 188 Vt. 595 (mem.). Here, there was no abuse of that discretion. The victim testified that the cappuccino caused damage to the front interior of her car and that she was unable to remove the resulting staining. The State also entered an exhibit of an estimate for cleaning the front interior of the victim's car. The court credited the victim's testimony concerning the extent of the damage and found that the victim's request to clean the front interior of the car was reasonable. Given the victim's statement that the stains were throughout the front of the car and that the estimate was for cleaning the front interior of the car, the loss was supported by the evidence, and it was within the court's discretion to grant restitution for cleaning the front interior. See State v. VanDusen, 166 Vt. 240, 245 (1997) (explaining that court has "discretion in determining the amount of restitution, and only a reasonable certainty of estimated loss is required").

The provision for interest is struck, and, in all other respects the restitution order is affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice