2007 VT 127

**STATE of Vermont v. Tony ROLLINS**

[944 A.2d 218]

No. 06-404

¶ 1. November 14, 2007. Defendant Tony Rollins appeals his conviction after jury trial for attempted assault and robbery. He claims that the trial court erred by excluding testimony that the victim had lied in his pretrial deposition on a collateral matter, and by ordering restitution as part of defendant's sentence. We affirm the trial court's evidentiary ruling, but vacate the order of restitution.

¶ 2. Defendant's first issue on appeal is that the court abused its discretion by denying defendant's motion to present extrinsic evidence to impeach the victim's character at trial. Prior to trial, the victim testified in a deposition that he had left a job as a police officer in Wallingford, Connecticut because of family reasons. Defendant offered to prove that the victim had in fact been fired for falsifying a police report. Defendant sought to present the testimony of the police chief to contradict the victim's expected testimony that he left his police job for family reasons. The State opposed the testimony on the ground that it would violate the collateral impeachment rule of Vermont Rule of Evidence 608, and the trial court excluded it. At trial, the victim was asked again why he had left his work as a police officer in Connecticut and testified consistently with his deposition. Defense counsel was forced to accept the answer. Although the State then made use of the defense's inability to impeach the victim in its closing argument, there was no objection.

¶ 3. Defendant claims that the trial court erred in considering his objection under Rule 608, arguing instead that

Vermont Rule of Evidence 404(a)(2) allows a broader range of character evidence against a victim, including what defendant claims is the victim's character trait of a propensity to lie. Defendant apparently concedes that under Rule 608(b) he was not allowed to introduce extrinsic evidence of the specific conduct of the witness for the purpose of attacking his credibility. We affirm the trial court's exclusion of this testimony because the argument made on appeal was not preserved. The entire discussion in the transcript and the pretrial motions relating to this issue centered on the defense's ability to put on evidence of a collateral matter to contradict an expected statement of the witness as to why he left the Connecticut police force. The trial court questioned counsel about Rule 608 — not Rule 404 — and Rule 404 was not raised by defense counsel in response. Therefore, we will not reach defendant's argument raised for the first time on appeal. See *State v. Lee*, 2005 VT 99, ¶ 14, 178 Vt. 420, 886 A.2d 378.

¶ 4. Defendant's second claim of error relates to his sentence, which included an order of restitution in the amount of $460. Defendant claims the State failed to prove that he caused the loss sustained by the victim. Although the restitution statute permits restitution in attempt crimes, defendant argues that there is no factual support in the trial or in the sentencing hearing that supports an order of restitution against him. See 13 V.S.A. § 5301(4) (defining victim as "a person who sustains a physical, emotional or financial injury or death as a direct result of the commission or attempted commission of a crime or act of delinquency").

¶ 5. The facts elicited at trial and at the sentencing hearing showed the following. Defendant and one or two others assaulted the victim on Main Street in Randolph, apparently because they believed he was carrying several hundred dollars. The money was not recovered.

The victim testified that he lost $420 in the robbery, money that he had obtained from his mother earlier in the day, as well as a CD player. No evidence of value of the CD player was offered at trial. Because defendant was charged with attempt, the jury was asked to find only that defendant had the specific intent to rob and made a significant act in that direction but was interrupted or prevented from completing the crime. See 13 V.S.A. § 9(a). The jury was not asked to find that defendant took money or other property from the victim with the intent to permanently deprive him of it. See *id.* § 608.

¶ 6. At the sentencing hearing, the State admitted that it had amended the charges against defendant from assault and robbery to attempted assault and robbery because it could not prove that defendant took the money. It based its claim for restitution of $460 on the ground that defendant was part of the event that resulted in the victim's claimed loss of $420 in cash and the CD player. The victim did not testify at the sentencing hearing, and it was the state's attorney who placed a value of $40 on the CD player. On the basis of this evidence, the trial court ordered restitution because defendant "participated in an event, it involved other people, but there is a sufficient evidentiary basis for showing that amount of money or that amount of value, partly money, partly CD player, and that it was a consequence and a result of that activity." Defendant objected because the State failed to prove that he, in fact, took the money.

¶ 7. We agree with defendant that there was insufficient proof to support the restitution order. In *State v. VanDusen*, 166 Vt. 240, 244, 691 A.2d 1053, 1055 (1997), we upheld an order of restitution after the State proved, in a sentencing hearing, that the defendant took an amount greater than supported by the defendant's conviction for misdemeanor posses-

sion of stolen property. We reasoned that the value of the stolen property proved at sentencing was directly related to the conduct for which the defendant had been convicted — possession of stolen property. *Id.* Only the amount varied from the conviction, and sufficient proof of a greater loss was produced at the sentencing hearing to meet a preponderance standard. But we cautioned that a restitution order may not be based on conduct that was not covered by the defendant's conviction. *Id.*

¶ 8. Here, the restitution order cannot stand because it is based on conduct that was not covered by defendant's conviction. Defendant was convicted of attempted assault and robbery because, as the state's attorney admitted, the State could prove only that defendant was involved in a scheme to rob the victim and that defendant took a significant step in that direction, namely the assault. Despite the victim's testimony that he lost $420 as a result of the robbery, the conviction was based solely on evidence of the plan to rob and the identification of defendant as one of the assailants. The jury was not asked to decide if money was taken and, if so, who took it. The conviction for attempted robbery cannot support a connection between defendant and the claimed loss due to robbery, because in order to convict, the jury here had to find that defendant failed in his attempt to rob the victim.

*Defendant's conviction is affirmed; the order of restitution is vacated.*