NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2016 VT 83

No. 2015-192

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Franklin Unit, |
| | Criminal Division |
| | |
| Toby Charbonneau | May Term, 2016 |

Alison S. Arms, J.

James A. Hughes, Franklin County State's Attorney, St. Albans, for Plaintiff-Appellee.

Matthew F. Valerio, Defender General, Anna Saxman, Deputy Defender General, and
 Ashton Roberts, Law Clerk (On the Brief), Montpelier, for Defendant-Appellant.


PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.


¶ 1.     **EATON, J.**   Defendant pleaded guilty to felony possession of stolen property in violation of 13 V.S.A. § 2561(b) and misdemeanor possession of stolen property in violation of the same statute. He was subsequently ordered to pay restitution in the amount of $35,791. On appeal, he challenges the restitution order. The issues on appeal are (1) whether an order of restitution must relate to the damage caused by the criminal conduct for which defendant pleaded guilty; (2) whether restitution is limited to items that were not recovered and returned to the victim; and (3) whether the trial court is required to make findings as to a defendant's ability to pay in a restitution order. We reverse on the first issue.

¶ 2.    On March 9, 2014, the victims notified the St. Albans City Police that their private residence had been burgled on March 7 or 8.  The victims reported thousands of dollars' worth of property as having been stolen and filed claims with two insurance companies for the stolen items: one for $28,274 and one for $23,956.97, amounting to a total of $52,230.97 in claimed losses.  The victims' insurance providers made payments of $9172.30 and $12,000, for a total of $21,172.

¶ 3.    The victims subsequently notified the police that defendant and his partner had posted some of the items reported as stolen from their residence on the Franklin County Facebook website, "Buy, Sell, or Trade."  The police applied for and received a search warrant for defendant's residence.  During a search, the police recovered fifteen items identified by the victims as stolen from their residence during the burglary, and these items were later returned to the victims.

¶ 4.    On March 25, 2014, defendant was charged with felony possession of stolen property valued in excess of $900 in violation of 13 V.S.A. § 2561(b).  At a change of plea hearing on January 5, 2015, defendant pleaded guilty to felony possession of stolen property in violation of § 2561(b) and to misdemeanor possession of stolen property in violation of the same statute.[1]  There was no colloquy as to the specific items defendant admitted to having possessed, and there was no mention as to specific items that were recovered from defendant's residence. The State described the factual basis for the plea as resulting from a search of defendant's residence, where "several items of property that were identified as belonging to the [victims'] family" were recovered.

¶ 5.    The trial court subsequently held a restitution hearing, where neither defendant nor the State objected to the trial court adopting the findings of fact relative to the loss amount

---

[1] Section 2561(b) provides that the penalty for receiving stolen property is "the same as for the stealing of such property."  The larceny statutes make stealing property valued in excess of $900, a felony, 13 V.S.A. § 2501, and below that amount, a misdemeanor, id. § 2502.

and value of the items stolen from the victims as derived from testimony and findings at defendant's partner's restitution hearing.[2] This included testimony that defendant and his partner had purchased the items from an individual offering them for sale out of the back of his car, and that they then advertised the items for sale on the Franklin County Facebook website "Buy, Sell, or Trade." At defendant's partner's hearing, the trial court determined that the recovered and returned items had a collective actual cash value (ACV) of $6765.70, but that because they had been returned to the victims, there was no material loss. For this reason, the trial court did not order defendant's partner to pay restitution.

¶ 6. At defendant's restitution hearing, the State sought restitution for the victims' total uninsured loss as a result of the burglary, which it argued to be $35,791. This figure included the value of the items that were recovered and returned to the victims, as well as the value of the remaining items reported as stolen but not recovered during the search of defendant's residence. At the hearing, the trial court considered testimony from one of the victims. She testified that defendant posted a photograph on Facebook depicting a TV stolen during the burglary, and that she had seen defendant approximately one week before the burglary parked across from her home. The court also considered testimony from Detective Trevor Sergeant, who had investigated the burglary, that he had observed a shoe print in the snow outside the victims' home with a distinctive "x" mark, and that he had seized a pair of Nike shoes from defendant's home with an "x" pattern on the heel. The number of shoes with a similar pattern was not established.

¶ 7. Considering findings from defendant's partner's restitution hearing, as well as the victims' testimony and that of Detective Sergeant, the trial court found by a preponderance of the evidence that defendant was seen in some proximity to the victims' residence a week before the burglary, possessed a shoe with a similar print left at the scene of the burglary, and possessed

---

[2] See State v. Crystal Shepard, No. 255-3-14 FrCr, at 4 (Vt. Dec. 18, 2014).

and offered for sale a TV reported as stolen during the burglary but which was not among the property defendant alleged was purchased out of the back of a car. Based on these findings, the court concluded that defendant had committed the burglary of the victims' home in early March 2014. Based on the findings and conclusions, and after noting that "no evidence was offered regarding defendant's ability to pay" restitution, the trial court calculated the victims' material loss as the value of the items claimed under both insurance policies ($52,230.97), minus the amount paid by the insurance companies ($21,172), for a total of $35,791.[3] Defendant appealed.

¶ 8. On appeal, defendant challenges the trial court's restitution order. Specifically, defendant contends that the trial court erred in ordering restitution for losses attributed to an offense other than the charged offense; that the trial court erred in failing to make findings as to defendant's ability to pay; and that the trial court improperly included in its restitution order items recovered and returned to the victim, which were not material losses as defined under the statute. "We review restitution orders for an abuse of discretion, and interpret controlling statutes de novo." State v. Gorton, 2014 VT 1, ¶ 8, 195 Vt. 460, 90 A.3d 901.

¶ 9. We first address defendant's assertion that the trial court erred in ordering restitution for losses attributable to the burglary of the victims' residence, because the burglary and resulting losses were not directly related to defendant's offense of possession of stolen property. It is undisputed that the factual basis for defendant's plea was that several items of the victims' property were recovered from defendant's residence; that defendant's plea did not include the possession of any items other than those recovered; and that defendant was not charged with, nor did he admit to, the underlying burglary of the victims' residence. Nonetheless, the trial court's order included both the value of those items recovered from defendant's residence and the value of the property reported as stolen from the victims' residence

---

[3] The Court is aware that $52,230.97 minus $21,172 does not equal $35,791. In its brief, the State acknowledges errors in the trial court's calculation of the victims' material loss. Because we reverse on other grounds there is no need to address these mathematical errors.

during the March 2014 burglary but not found at defendant's residence. Defendant contends that that the trial court erred in finding that he had committed the burglary, and moreover, that the absence of a direct link between his plea and the burglary necessitates the reversal of the restitution order for losses attributed to the burglary.

¶ 10. Vermont's restitution statute is intended to compensate victims for their "material loss," 13 V.S.A. § 7043(a), which is defined as an "uninsured property loss, uninsured out-of-pocket monetary loss, uninsured lost wages, and uninsured medical expenses." Id. § 7043(a)(2). To support a restitution award, the State must demonstrate "causation between the defendant's criminal act and the victim's loss." State v. Forant, 168 Vt. 217, 222, 719 A.2d 399, 403 (1998). We have interpreted the causation element as requiring that restitution orders "relate directly to the damage caused by the defendant's criminal act for which he was convicted." Id. at 222-23, 719 A.2d at 403 (holding that expenses incurred by domestic-assault victim to change locks and telephone number were "indirect costs" from crime and therefore "not recoverable as restitution"). "A restitution order may not include amounts resulting from conduct on which defendant was acquitted . . . or conduct that was not covered by defendant's conviction." State v. VanDusen, 166 Vt. 240, 244, 691 A.2d 1053, 1054-55 (1997) (citation omitted).

¶ 11. In VanDusen, 166 Vt. at 244, 691 A.2d at 1055, this Court upheld an order of restitution after the State proved that the defendant had stolen an amount greater than supported by his conviction for misdemeanor possession of stolen property, which involved property not exceeding $500 in value. We reasoned that the value of the stolen property ($4500) was directly related to the conduct for which the defendant had been convicted—possession of stolen property—and that the fact that the amount varied from the conviction was immaterial. Id. at 244, 691 A.2d at 1055. We further noted that the difference in value need only be established by a preponderance of the evidence as it pertained to a sentencing matter. Id. at 245, 691 A.2d at 1055. We cautioned, however, that a restitution order may not be based on conduct that was not

covered by the defendant's conviction, citing this Court's holding in <u>State v. Stimpson</u>, 151 Vt. 645, 563 A.2d 1001 (1989) (mem.). <u>Id</u>. at 244, 691 A.2d at 1055. In <u>Stimpson</u>, the defendant pleaded nolo contendere to several burglary offenses and the court ordered that he pay restitution, a portion of which corresponded to an incident that was not covered by the plea agreement and for which defendant was not convicted. We held that "[a]n order of restitution must relate to the damage caused by the criminal conduct for which the defendant was convicted," and that the link was absent. <u>Id</u>. at 645-46, 563 A.2d at 1001 (quotation omitted).[4]

¶ 12. More recently, in <u>State v. Rollins</u>, 2007 VT 127, ¶ 8, 182 Vt. 644, 944 A.2d 218 (mem.), we vacated a restitution order based on conduct that was not covered by the defendant's conviction. In <u>Rollins</u>, the defendant was convicted of attempted assault and robbery after the State proved that the "defendant was involved in a scheme to rob the victim" and "took a significant step in that direction." <u>Id</u>. After the victim claimed that he lost $420 and a CD player during the robbery, the trial court ordered restitution of $460. <u>Id</u>. at ¶ 6. On appeal, this Court concluded that "[d]espite the victim's testimony that he lost $420 as a result of the robbery, the conviction was based solely on evidence of the plan to rob and the identification of [the] defendant as one of the assailants." <u>Id</u>. at ¶ 8. The Court held that a conviction for attempted robbery could not support a direct link between the defendant and the claimed loss due to robbery, because in order to convict, the jury necessarily found that the defendant had failed in his attempt to rob the victim. <u>Id</u>.

¶ 13. Here, we similarly find that a conviction of possession of stolen property cannot support a connection between defendant and the claimed loss due to burglary. Unlike in <u>VanDusen</u>, the trial court did not simply find that defendant stole property valued at an amount greater than supported by his conviction—it found, to a lesser standard than required for a

---

[4] Of course, as part of a plea agreement, a defendant could agree to restitution related to criminal acts which were either dismissed, amended, or not charged.

criminal conviction, that he had committed the entirely separate criminal offense of burglary. Defendant was not charged with burglary, and pleaded only to possession of stolen property, a plea based on the recovery of some of the victims' stolen property from his residence. The restitution order, however, was based on the value of the property burgled from the victims' residence.

¶ 14. In VanDusen, we held that the trial court acts within the scope of § 7043 when it makes findings with respect to the amount of the victims' material loss for the purpose of establishing causation between the victims' loss and the conduct for which defendant was convicted. This may include findings in addition to those made at trial in order to establish a direct link between the charged offense and the victim's material losses. Here, however, the trial court exceeded the scope of § 7043 by making findings to establish causation between the victims' loss and defendant's involvement in the burglary of their home—conduct that was not covered by defendant's conviction for possession of stolen property. Cf. VanDusen, 166 Vt. at 244, 691 A.2d at 1055 (requiring causation between victim's loss and conduct for which defendant was convicted).

¶ 15. The trial court's findings at the restitution hearing sought to establish causation between the victims' losses, not only concerning the items found in defendant's possession, but also for losses from items reported as stolen during the burglary and not found in defendant's possession. Other than the trial court's own findings at the restitution hearing, there is no connection between the crime for which defendant was convicted—possession of stolen property—and the crime that resulted in the victim's loss—burglary. That defendant had in his possession some of the property stolen from the victims' home does not mean the criminal act for which defendant was convicted included the burglary of the victims' home. Possession of stolen property and burglary are entirely separate crimes. Thus, the expenses ordered as restitution related to the burglary cannot be viewed as the direct result of defendant's crime of

7

possession of stolen property, the criminal act for which he was convicted. Forant and VanDusen require this conclusion.

¶ 16. We need not consider whether the trial court could have ordered restitution for additional items reported as stolen during the burglary had it found, by a preponderance of the evidence, that defendant was in possession of such items. Because the trial court failed to make such findings, defendant cannot now be found liable for restitution for those items.

¶ 17. The only losses directly resulting from the criminal conduct for which defendant was convicted would necessarily relate to the items underlying that plea: the fifteen items recovered from the victims' residence, valued at $6765.70. Because it is undisputed that those items were returned to the victims, there can be no finding of material loss. See 13 V.S.A. § 7043(a)(2) (defining material loss as "uninsured property loss, uninsured out-of-pocket monetary loss, uninsured lost wages, and uninsured medical expenses."). We therefore reverse the trial court's order of restitution in the amount of $35,791. Having found defendant's first issue to be dispositive, we decline to address the remaining two.

Reversed. The restitution order is vacated.


FOR THE COURT:


_____

Associate Justice


8