**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     23-AP-133

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

APRIL TERM,   2024

State of Vermont v. Randy Bluto\*
}
}
}
}

APPEALED FROM:
Superior Court, Franklin Unit,
Criminal Division
CASE NO. 21-CR-02726
Trial Judge: Martin A. Maley

In the above-entitled cause, the Clerk will enter:

Defendant appeals a restitution order.  On appeal, defendant argues that the State did not meet its burden of proof regarding the amount of the uninsured loss, the restation award was unconstitutional because it exceeded the maximum fine for the offense, and the court abused its discretion in failing to consider defendant's hearsay evidence.  We affirm.

The record reveals the following.  In February 2023, defendant entered a guilty plea to resolve several charges in seven different cases, including unlawful mischief for damaging property worth $250 or less under 13 V.S.A. § 3701(c).  During the change-of-plea hearing, the State provided the following factual basis for the charge.  Police responded to a report of an intoxicated individual, later identified as defendant, vandalizing a vehicle.  Police found a vehicle belonging to defendant's neighbor with the light bar smashed and the owner of the vehicle estimated the damage between $800 to $1100.  Defendant admitted that he damaged the light bar on his neighbor's truck.  Under the plea agreement, defendant's total sentence was three months to one year all suspended with a two-year probation term.  There was no admission on the amount of restitution.  The plea agreement indicated that a restitution hearing would be scheduled, and the State was requesting restitution of $1699.99.

At the contested restitution hearing, defendant's neighbor testified regarding the equipment damaged by defendant.  The neighbor explained that the light bar on his truck could not be repaired and needed to be replaced.  The neighbor further testified that he had contacted a vendor and a replacement light bar similar to the damaged equipment cost $1699.  A printout of the replacement item identified by the neighbor was admitted without objection.  The neighbor stated that his insurance did not cover replacement of the light bar.  On cross-examination, the neighbor stated that he purchased the truck with the light bar for $4000.

Defendant presented testimony from a public-defender investigator who relayed information regarding the light bar obtained from two individuals, who had experience with motor vehicles or had observed the neighbor's light bar.  These individuals opined that the

neighbor's light bar was not worth very much, and that light bars were available for much less than $1699. The State objected to admission of this hearsay evidence, and the court reserved ruling on the motion. Defendant testified that he had a limited income and received social security disability benefits and food stamps. He also explained that he provided for his partner and their new child. The State argued that defendant's neighbor was entitled to be made whole by receiving the replacement value of the light bar. Defendant argued that the neighbor's light bar was old and worn out and the replacement value sought by the State was excessive. Defendant also argued that any amount over fifty dollars a month would be a hardship given his income.

The court credited the testimony presented by the State regarding the replacement value of the light bar at $1699. The court indicated that defendant's hearsay evidence was admissible, but the court did not give it much weight. The court found that the replacement value was reasonable and ordered defendant to pay that amount at a rate of fifty dollars a month. Defendant appealed.[1]

Restitution is meant to compensate victims for uninsured losses. 13 V.S.A. § 7043(a)(1), (a)(2). To support a restitution award, the State must prove by a preponderance of the evidence the amount of the loss and the "causation between the defendant's criminal act and the victim's loss." State v. Charbonneau, 2016 VT 83, ¶ 10, 203 Vt. 54 (quotation omitted). "The trial court has discretion in determining the amount of restitution, and only a reasonable certainty of estimated loss is required." State v. Driscoll, 2008 VT 101, ¶ 8, 184 Vt. 381.

On appeal, defendant first argues that the State did not meet its burden of proving the amount of uninsured loss. Because the neighbor purchased the truck for $4000 and sold it prior to the restitution hearing at a price not established by the State, defendant asserts that the State failed to meet its burden of showing that the victim was not made whole in that defendant claims his neighbor may have made the money back with the sale. This argument was not raised below and therefore is not properly preserved for appeal. See State v. Tetrault, 2012 VT 51, ¶ 9, 192 Vt. 616 (mem.) (declining to reach argument not made at restitution hearing).

Defendant further claims that the replacement value here was unsupported by the evidence because there was no evidence to show the condition of the light bar prior to the incident. The State produced sufficient evidence here to support the restitution order. The neighbor testified that he researched the cost of replacing the light bar with a similar model and the cost was $1699. A property owner can testify to the value of personal property and this Court has "routinely affirmed valuations based solely or primarily on the owner's testimony of its value." Driscoll, 2008 VT 101, ¶ 12. The court, as factfinder, acted within its discretion in crediting the neighbor's testimony regarding the value of the light bar and the cost of replacing it. In re G.C., 2023 VT 22, ¶ 12 (explaining that "trial court as factfinder retains the discretion to determine the credibility of the witnesses and to weigh the evidence" (quotation omitted)). We do not reassess credibility determinations on appeal. For this reason, we also reject defendant's argument that the court abused its discretion by refusing to consider the hearsay evidence that he presented. The court admitted defendant's hearsay evidence but did not give much weight to it. This was entirely within the court's discretion. See State v. VanDusen, 166 Vt. 240, 245 (1997)

---

[1] The State did not file a brief in this appeal but was granted permission to speak at oral argument.

(explaining that trial court has "discretion in determining the amount of restitution, and only a reasonable certainty of estimated loss is required").

Finally, defendant argues that the court's order deprived him of due process because the amount of restitution exceeded the maximum fine for unlawful mischief ($500) and he asserts that any fact that increases the penalty for a crime must be submitted to a jury and found beyond a reasonable doubt.[2] Defendant did not raise this argument below and therefore has failed to preserve it for our review. See Tetrault, 2012 VT 51, ¶ 9 (requiring argument to be raised in trial court to preserve for appeal). We note, however, that this Court has previously held that the mere fact that a restitution award exceeds the maximum fine for a crime does not "make it improper." See State v. Lewis, 167 Vt. 533, 537 (1998) (explaining that "with respect to restitution awards, the Legislature did not intend to limit damages based on the dollar amount in the charge against a defendant").

Affirmed.

BY THE COURT:

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice

---

[2] At oral argument, defendant conceded that this argument was not preserved for appeal and argued that there was plain error. In his appellate brief, appellant did not argue why he should prevail under a plain-error analysis and therefore we do not reach this argument on appeal. See State v. Menize, 2023 VT 48, ¶ 49 (explaining that plain error must be argued and briefed).